1  Gregory G. Iskander, Bar No. 200215
   giskander@littler.com
2  Cristina L. Piechocki, Bar No. 291860
   cpiechocki@littler.com
3  LITTLER MENDELSON, P.C.
   Treat Towers
4  1255 Treat Boulevard
   Suite 600
5  Walnut Creek, California  94597
   Telephone:   925.932.2468
6  Fax No.:     925.946.9809

7  Attorneys for Defendant
   THE SAN FRANCISCO BAR PILOTS
8  BENEVOLENT AND PROTECTIVE ASSOCIATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RAYMOND REED, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE SAN FRANCISCO BAR PILOTS BENEVOLENT AND PROTECTIVE ASSOCIATION; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.<br><br>[San Francisco Superior Court Case No.: CGC-20-601736]<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331 AND 1441 [Federal Question]** |

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

**TABLE OF CONTENTS**

**PAGE**

| | | | |
|---|---|---|---|
| I. | PLEADINGS, PROCESS AND ORDERS | | 1 |
| II. | REMOVAL JURISDICTION | | 2 |
| | A. | General Removal Principles | 2 |
| | B. | Plaintiff's Employment Was Governed by Collective Bargaining Agreements | 5 |
| | C. | Plaintiff's Failure to Reference the CBAs or Section 301 of the LMRA in His Complaint Does Not Preclude Removal | 6 |
| | D. | Resolving Plaintiff's Claims Requires Interpretation of the CBAs. | 7 |
| | E. | Plaintiff's First and Second Causes of Action (Minimum Wages and Overtime Wages) Are Covered by Section 301 of the LMRA | 9 |
| | F. | Plaintiff's Fifth Cause of Action for Reimbursement of Business Expenses Is Covered by Section 301 of the LMRA | 10 |
| | G. | Plaintiff's Derivative Wage Statement Penalty, Waiting Time Penalty, and UCL Claims (Sixth, Eighth, and Ninth Causes of Action) Are Covered by Section 301 of the LMRA | 11 |
| III. | SUPPLEMENTAL JURISDICTION | | 11 |
| IV. | INTRADISTRICT ASSIGNMENT | | 12 |
| V. | TIMELINESS OF REMOVAL | | 12 |
| VI. | NOTICE TO PLAINTIFF AND THE STATE COURT | | 13 |
| VII. | CONCLUSION | | 13 |

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

i.                                                                                                                   CAPTION PAGE

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Agavni Pogosyan v. U.S. Bank Trust Nat'l Assoc'n, et al.*,
 2015 WL 12696188 (C.D. Cal. Oct. 22, 2015) .................................................................. 13

*Allis-Chalmers Corp. v. Lueck*,
 471 U.S. 202 (1985) ........................................................................................................ 3, 4

*Associated Builders & Contractors, Inc. v. Local 302 International Brotherhood of Electrical Workers*,
 109 F.3d 1353 (9th Cir. 1997) ............................................................................................. 4

*Braswell v. AHMC San Gabriel Valley Med. Ctr. LP*,
 2022 U.S. Dist. LEXIS 42113 (C.D. Cal. Mar. 8, 2022) .................................................. 10

*Buck v. Cemex, Inc.*,
 2013 U.S. Dist. LEXIS 124111 ......................................................................................... 11

*Caterpillar Inc. v. Williams*,
 482 U.S. 386 (1987) ........................................................................................................ 4, 7

*Consolidated Rail Corp. v. Ry. Labor Execs. Ass'n*,
 491 U.S. 299 (1989) ............................................................................................................ 8

*Coria v. Recology, Inc.*,
 63 F. Supp. 3d 1093 (N.D. Cal. 2014) .............................................................................. 11

*Curtis v. Irwin Indus., Inc.*,
 913 F.3d 1146 (9th Cir. 2019) .................................................................................. *passim*

*Firestone v. Southern Cal. Gas. Co.*,
 219 F.3d 1063 (9th Cir. 2000) ............................................................................................. 3

*Fleming v. United Teacher Assocs. Ins. Co.*,
 250 F. Supp. 2d 658 (D.W. Va. 2003) .............................................................................. 12

*Franchise Tax Board v. Construction Laborers*,
 463 U.S. 1 (1983) ............................................................................................................ 4, 7

*Giles v. Canus Corp.*,
 2022 WL 3370793 (N.D. Cal. Aug. 16, 2022) ..................................................... 4, 5, 10, 11

*Hall v. Live Nation Worldwide, Inc.*,
 146 F. Supp. 3d 1187 (C.D. Cal. 2015) ............................................................................ 10

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

ii.

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

*Hayden v. Reickerd*,
  957 F.2d 1506 (9th Cir. 1991) ................................................................................................. 7

*Jimenez v. Young's Mkt. Co.*,
  2021 WL 5999082 (N.D. Cal. Dec. 20, 2021) ...................................................................... 11

*Johnson v. Harper*,
  66 F.R.D. 103 (E.D. Tenn. 1975) .......................................................................................... 13

*Lingle v. Norge Div. of Magic Chef Inc.*,
  486 U.S. 399 (1988) ............................................................................................................ 3, 4

*Lippitt v. Raymond James Fin. Servs., Inc.*,
  340 F.3d 1033 (9th Cir. 2003) ................................................................................................ 7

*Mellon v. Universal City Studios, LLC*,
  __ F. Supp. 3d __, 2022 WL 4021692 (C.D. Cal. Sep. 2, 2022) ....................................... 5, 11

*Milne Emp. Ass'n v. Sun Carriers, Inc.*,
  960 F.2d 1401 (9th Cir. 1991) ................................................................................................ 7

*Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*,
  526 U.S. 344 (1999) ............................................................................................................. 12

*Newberry v. Pac. Racing Ass'n*,
  854 F.2d 1142 (9th Cir. 1988) ................................................................................................ 3

*Rodriguez v. Gonsalves & Santucci, Inc.*,
  2022 WL 161892 (N.D. Cal. Jan. 18, 2022) .................................................................... 10, 11

*Schroeder v. Trans World Airlines, Inc.*,
  702 F.2d 189 (9th Cir. 1983), overruled in part on other grounds in *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241 (9th Cir. 2009) ............................................ 7

*Teamsters v. Lucas Flour Co.*,
  369 U.S. 95 (1962) .................................................................................................................. 4

*United Steelworkers of America v. Rawson*,
  495 U.S. 362 (1990) ................................................................................................................ 3

*Vasquez v. Packaging Corp. of Am.*,
  2019 WL 4543106 (C.D. Cal. Jun. 7, 2019) ......................................................................... 11

*Voorhees v. Naper Aero Club, Inc.*,
  272 F.3d 398 (7th Cir. 2001) .................................................................................................. 3

*Vranish v. Exxon Mobil Corp.*,
  223 Cal. App. 4th 103 (2014) ............................................................................................... 10

iii.   DEFENDANT'S NOTICE OF REMOVAL OF ACTION

*Williams v. Leonard*,
    2003 WL 163183 (N.D. Cal. Jan. 13, 2003) ............................................................................ 13

*Young v. Anthony's Fish Grottos, Inc.*,
    830 F.2d 993 (9th Cir. 1987) .................................................................................................... 7

**Statutes**

28 U.S.C. § 84(a) ............................................................................................................................ 12

28 U.S.C. § 1331 ...................................................................................................................... 1, 13

28 U.S.C. § 1367 ............................................................................................................................. 5

28 U.S.C. § 1367(a) ....................................................................................................................... 11

28 U.S.C. § 1441 ...................................................................................................................... 1, 13

28 U.S.C. § 1441(a) ................................................................................................................ 12, 13

28 U.S.C. § 1441(c) ........................................................................................................................ 5

28 U.S.C. § 1446 .................................................................................................................. 1, 2, 13

28 U.S.C. § 1446(a) ....................................................................................................................... 12

28 U.S.C. § 1446(b) ....................................................................................................................... 12

28 U.S.C. § 1446(d) ......................................................................................................................... 1

29 U.S.C. § 152(2) ........................................................................................................................... 6

29 U.S.C. § 152(5) ........................................................................................................................... 6

29 U.S.C. § 185(a) .................................................................................................................. *passim*

Cal. Lab. Code § 201 ..................................................................................................................... 11

Cal. Lab. Code § 202 ..................................................................................................................... 11

Cal. Lab. Code § 203 ..................................................................................................................... 11

Cal. Lab. Code § 226 ..................................................................................................................... 11

Cal. Lab. Code § 510 ................................................................................................................. 9, 10

Cal. Lab. Code § 512(a) .................................................................................................................. 4

Cal. Lab. Code § 512(e)-(g) ............................................................................................................ 4

Cal. Lab. Code § 514 ................................................................................................................. 9, 10

Cal. Lab. Code § 1194 .................................................................................................................. 9

Cal. Lab. Code § 1194.2 ............................................................................................................... 9

Cal. Lab. Code § 1197 .................................................................................................................. 9

Cal. Lab. Code § 1198 226.7 ....................................................................................................... 9

Cal. Lab. Code § 2802 ........................................................................................................... 10, 11

**Other Authorities**

Civil L. R. 3-2(c)(d) ................................................................................................................... 12

Civil L. R. 3-5(b) ....................................................................................................................... 12

Fed. R. Civ. P. 6(a)(1)(A)(5) ..................................................................................................... 12

Fed. R. Civ. P. 6(a)(1)(C) .......................................................................................................... 12

LITTLER MENDELSON,
P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

v.

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF RAYMOND REED AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant THE SAN FRANCISCO BAR PILOTS BENEVOLENT AND PROTECTIVE ASSOCIATION ("Defendant"), contemporaneously with the filing of this Notice, is effecting the removal of the above-referenced action from the Superior Court of the State of California, County of San Francisco, to the United States District Court for the Northern District of California.

Removal is proper based on 29 U.S.C. § 185(a). This action is removed pursuant to the procedures found in 28 U.S.C. §§ 1441 and 1446, and removal jurisdiction is based on 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1446(d), Defendant will also file a copy of this Notice of Removal with the San Francisco County Superior Court.

## I.    PLEADINGS, PROCESS AND ORDERS

1. On or about September 12, 2022, Plaintiff Raymond Reed ("Plaintiff") commenced the above-captioned civil action in the San Francisco County Superior Court by filing a Complaint entitled *Raymond Reed, individually and behalf of all others similarly situated v. The San Francisco Bar Pilots Benevolent and Protective Association, and Does 1 through 20, inclusive*, docketed as Case No. CGC-22-601736. ("Complaint" or "Compl.").[1] The Complaint contains nine causes of action, alleging: (1) Failure to Pay Minimum Wages; (2) Failure to Pay Overtime Compensation; (3) Failure to Provide Meal Periods; (4) Failure to Authorize and Permit Rest Breaks; (5) Failure to Indemnify Necessary Business Expenses; (6) Failure to Provide Accurate Itemized Wage Statements; (7) Failure to Pay All Wages to Piece-Rate Workers; (8) Failure to Timely Pay Final Wages at Termination; and (9) Unfair Business Practices. A summons was also issued on

---

[1] Defense counsel has notified Plaintiff's counsel that Plaintiff was employed by The San Francisco Bar Pilots ("SFBP") during the relevant time period at issue in the Complaint. At no time was Plaintiff employed by The San Francisco Bar Pilots Benevolent and Protective Association which is a separate and distinct entity. The parties have entered into a joint stipulation and tolling agreement to dismiss The San Francisco Bar Pilots Benevolent and Protective Association without prejudice and name The San Francisco Bar Pilots as the sole defendant, which was filed in the San Francisco Superior Court on December 28, 2022. (A true and correct copy of which is attached as **Exhibit D** to the Declaration of Cristina Piechocki.)

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

1.    DEFENDANT'S NOTICE OF REMOVAL OF ACTION

September 12, 2022.

2. True and correct copies of the Summons, Complaint, and Civil Cover Sheet are attached as **Exhibit A** to the Declaration of Cristina Piechocki in Support of Defendant's Notice of Removal of Action ("Piechocki Decl.") and incorporated here by reference. (Piechocki Decl., ¶¶ 2-3, Exhibit A.)

3. On November 28, 2022, Defendant was served via substitute service by signing and mailing a notice of acknowledgement of receipt of the Complaint, Summons, and Civil Case Cover Sheet (Exhibit A). A true and correct copy of the Proof of Service is attached as **Exhibit B** to the Declaration of Cristina Piechocki in Support of Defendant's Notice of Removal of Action and incorporated by reference. (Piechocki Decl., ¶ 4, Exhibit B.)

4. On December 5, 2022, the San Francisco County Superior Court issued an Order Denying Complex Designation for Failure to File Application Requesting Designation. A true and correct copy of the Proof of Services is attached as **Exhibit C** to the Declaration of Cristina Piechocki in Support of Defendant's Notice of Removal of Action and incorporated by reference. (Piechocki Decl., ¶ 5, Exhibit C.)

5. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in or issued by the Superior Court for the State of California, County of San Francisco, or served by any other party other than as described above. Exhibits A, B, and C referenced above and incorporated into this Notice satisfy the requirements of 28 U.S.C. § 1446. (Piechocki Decl., ¶¶ 1-6.)

**II.   REMOVAL JURISDICTION**

   **A.   General Removal Principles**

6. This Court has jurisdiction because a federal question exists under Section 301 of the Labor Management Relations Act ("LMRA"), which provides: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this [Act], or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a) (hereinafter,

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

2.   DEFENDANT'S NOTICE OF REMOVAL OF ACTION

"Section 301"); *Firestone v. Southern Cal. Gas. Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000). To ensure uniform interpretations of collective bargaining agreements ("CBAs"), federal law preempts the use of state contract law in collective bargaining agreement interpretation and enforcement. *See Lingle v. Norge Div. of Magic Chef Inc.*, 486 U.S. 399, 411 (1988).

7.  Further, all state law claims raised by a union-represented employee that require interpretation of a CBA must be brought pursuant to Section 301. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985). "The preemptive force of section 301 is so powerful that it displaces entirely any state cause of action for violation of a collective bargaining agreement . . . and any state claim whose outcome depends on analysis of the terms of the agreement." *Newberry v. Pac. Racing Ass'n*, 854 F.2d 1142, 1146 (9th Cir. 1988); *see Voorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 403 (7th Cir. 2001) (noting that Section 301 is one of "only two areas in which the Supreme Court has found that Congress intended completely to replace state law with federal law for purposes of federal jurisdiction").

8.  Section 301 preemption and jurisdiction apply because the Complaint includes claims that can only be brought as contractual claims under a CBA, because of the application of several express CBA exemptions in the Labor Code. Section 301 also applies because Plaintiff asserts he is entitled to relief which is controlled by the CBA and makes claims the resolution of which require interpretation of the CBA.

9.  Section 301 specifically has been held to preempt California state law claims that are substantially dependent upon interpretation of a CBA. *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1155 (9th Cir. 2019); *Firestone*, 219 F.3d at 1066-67. This is so even where interpretation was required to evaluate the employer's defense to a plaintiff's state law cause of action. *Curtis*, 913 F.3d at 1152 ("Although normally federal preemption is a defense that does not authorize removal to federal court, § 301 has such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'") (citing *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 65 (1987)). Some courts have held that Section 301 completely preempts all claims that are based on, or require the interpretation of, a collective bargaining agreement. *See, e.g., United Steelworkers of America v.*

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

3.

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

*Rawson*, 495 U.S. 362, 368–69 (1990); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987); *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209–11 (1985); *Associated Builders & Contractors, Inc. v. Local 302 International Brotherhood of Electrical Workers*, 109 F.3d 1353, 1356–57 (9th Cir. 1997) (Section 301 is construed "quite broadly to cover most state-law actions that require interpretation of labor agreements").

10. Section 301 preemption furthers two important federal policies. First, it ensures that the interpretation of collective bargaining agreements remains uniform and independent of state law. *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103–04 (1962) (inconsistent interpretations would "inevitably exert a disruptive influence upon both the negotiation and administration of collective agreements"). Second, the complete preemption doctrine gives effect to the parties' mutual promise to resolve disputes through the grievance-arbitration process and furthers the strong federal policy that labor disputes "remain[] firmly in the arbitral realm." *Lingle v. Norge Div. of Magic Chef*, 486 U.S. 399, 411 (1988). This Court has subject matter jurisdiction over—and thus a defendant may properly remove—any ostensible state law claim preempted by Section 301. *Franchise Tax Board v. Construction Laborers*, 463 U.S. 1, 24 (1983); *Allis-Chalmers Corp.*, 471 U.S. at 220 (if preempted, the "claim must either be treated as a § 301 claim ... or dismissed").

11. Under the Section 301 preemption analysis, courts must first inquire whether the relief requested by a plaintiff "involves a right [that] exists solely as a result of the CBA." *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) (internal citations and quotations omitted). Under *Curtis*, where an asserted Labor Code or Wage Order claim is covered by an available CBA exemption – such that there exists no valid underlying state law claim – the Section 301 preemption inquiry is resolved at this first step. This is because, in the case of a state law meal break claim (for example), if Labor Code Section 512(a) does not apply (due to the application of the Labor Code Section 512(e)-(g) CBA exemption), any pleaded meal break claim is necessarily a contractual claim. *See, e.g., Giles v. Canus Corp.*, 2022 WL 3370793, *4-5 (N.D. Cal. Aug. 16, 2022) (applying *Curtis*).

12. If, and only if, there is no preemption found at the first step of the analysis, courts proceed to the second step of the Section 301 preemption analysis, which asks "whether a plaintiff's

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

4.

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

state law right is substantially dependent on analysis of the CBA." *Curtis*, 913 F.3d at 1153. Under this second step, where there is no applicable CBA exemption, Section 301 preemption still applies if the resolution of a plaintiff's minimum wage claim (for example) requires interpretation of the CBA. *See Mellon v. Universal City Studios, LLC*, __ F. Supp. 3d __, 2022 WL 4021692, at *5 (C.D. Cal. Sep. 2, 2022) (denying motion to remand because "resolution of [plaintiff's] minimum wage claim will require interpreting the CBA to determine whether he was compensated for time spent undergoing security checks through Article 27."); *Giles, supra,* 2022 WL 3370793, *6 (holding minimum wage claim preempted because resolving that claim would require an, interpretation of terms "actual time worked" and "show-up pay" as used in the CBA).

13. If any claims in the Complaint are not preempted by Section 301, the entire action is still removable under 28 U.S.C. § 1441(c) because this Court has supplemental jurisdiction under 28 U.S.C. § 1367. All claims in the Complaint are sufficiently related to form part of the same case or controversy.

**B.  Plaintiff's Employment Was Governed by Collective Bargaining Agreements**

14. In the Complaint, Plaintiff alleges that he worked for Defendant "during the relevant time periods as alleged herein." (Compl., ¶ 10.) Plaintiff was hired on or around March 2, 2012 as a Deckhand, Licensed for SFBP. (Declaration of John Carlier ("Carlier Decl."), ¶ 3). On or around December 24, 2013, Plaintiff began working as a Swing Captain. (*Id*.) On or around August 3, 2018, Plaintiff began working as a Station Boat Mate. Plaintiff's employment was terminated on February 24, 2022. (*Id*.).

15. The terms and conditions of Plaintiff's employment with SFBP were governed by CBAs between SFBP and Sailors' Union of the Pacific ("Union"). (Carlier Decl., ¶ 4). There were two CBAs in effect during the class period (September 12, 2018 to the present), both which covered the terms of Plaintiff's employment during that time. (*Id*.). A true and correct copy of the CBA in effect between January 1, 2017 and December 31, 2019 ("2017 CBA") is attached as **Exhibit A** to the Carlier Declaration and incorporated by reference. (*Id.*, Exhibit A.) A true and correct copy of the CBA in effect between January 1, 2020 and December 31, 2023 ("2020 CBA") is attached as **Exhibit B** to the Carlier Declaration and incorporated by reference. (*Id.*, Exhibit B.)

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

5.

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

16. The base rate for Plaintiff's position at the beginning of 2018, as outlined in the 2017 CBA, was $289.18. (Carlier Decl., ¶ 5; Ex. A, 2017 CBA, Sec. 1(A)). His pay increased to $294.97 per day in 2019, $308.30 in 2020, $317.55 in 2021, and $327.07 in 2022. (*Id.*, ¶ 5; Ex. A, 2017 CBA, Sec. 1(A); Ex. B, 2020 CBA, Sec. 1(A)). Plaintiff's hourly rate was never less than 30 percent more than the California state minimum wage for employers with more than 26 employees. (*Id.*)

17. More specifically, the 2017 and 2020 CBAs provided the daily rates for all positions starting January 1, 2017 and outlined the annual increases through the year 2023. (Carlier Decl., ¶ 6; Ex. A, 2017 CBA, Sec. 1(A); Ex B., 2020 CBA, Sec. 1(A)). The 2017 and 2020 CBAs provided the same information regarding overtime rates. (Carlier Decl., ¶ 6; Ex. A, 2017 CBA, Sec. (1(B); Ex., B, 2020 CBA, Secs. 1(B)). Thus, all of SFBP's employees were paid 30 percent more than the applicable California state minimum wage for employer with more than 26 employees during the relevant period. (Carlier Decl., ¶ 6).

18. The Union is a labor organization within the meaning of Section 2(5) of the NLRA and 301(a) of the LMRA, 29 U.S.C. §§ 152(5) and 185(a).

19. Based on the allegations in the Complaint, SFBP is an employer within the meaning of the LMRA, 29 U.S.C. § 152(2).

20. The introductory paragraphs of the 2017 and 2020 CBAs specifically state that the Union is the "exclusive representative for the purpose of collective bargaining of all of its licensed and unlicensed employees on vessels and shoreside jobs" covered by the CBA. (Carlier Decl., Ex. A, 2017 CBA, introductory paragraph; Ex. B, 2020 CBA, introductory paragraph). The 2017 and 2020 CBAs cover the employment conditions at issue in Plaintiff's Complaint, including time worked, wages and wage payment, overtime, and meal and rest periods. (Carlier Decl., Ex. A, 2017 CBA, Secs. 1, 2; Ex. B, 2020 CBA, Secs. 1, 2).

   C. **Plaintiff's Failure to Reference the CBAs or Section 301 of the LMRA in His Complaint Does Not Preclude Removal.**

21. The Complaint omits the fact that Plaintiff was a member of the Union or that a CBA governed his employment. However, a plaintiff may not be permitted to "artfully plead" a

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

6.

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

complaint to conceal its true nature. *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) (holding that plaintiff's state law claim was preempted even though operative complaint made no mention of a collective bargaining agreement); *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983), overruled in part on other grounds in *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241 (9th Cir. 2009).

22. Thus, the fact that Plaintiff has not made specific reference to Section 301 in his Complaint does not preclude removal. *See Milne Emp. Ass'n v. Sun Carriers, Inc.*, 960 F.2d 1401, 1406 (9th Cir. 1991). The Court may properly look beyond the face of the Complaint to determine whether the claims asserted are in fact preempted by Section 301. *See Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003). Additionally, the Court may properly look to the facts stated in the Notice of Removal "to clarify the action a plaintiff presents and to determine if it encompasses an action within federal jurisdiction." *Schroeder*, 702 F.2d at 191.

23. An artfully pled state law claim is properly "recharacterized" as a federal claim under the "complete preemption" doctrine, which provides that the preemptive force of Section 301 "converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule" and is removable to federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 23 (1983) ("[I]f a federal cause of action completely preempts a state cause of action, any complaint that comes within the scope of the federal cause of action necessarily 'arises' under federal law.").

**D.    Resolving Plaintiff's Claims Requires Interpretation of the CBAs.**

24. The Labor Code violations underlying Plaintiff's Class Action Complaint are "founded directly on rights created by collective bargaining agreements" and/or are substantially dependent on an analysis and interpretation of a collective bargaining agreement. *See Hayden v. Reickerd*, 957 F.2d 1506, 1509 (9th Cir. 1991); *see also Caterpillar Inc.*, 482 U.S. at 394. To analyze Plaintiff's claim, therefore, the Court will necessarily need to interpret the provisions of the relevant 2017 and 2020 CBAs.

25. The Court cannot simply look to state law to resolve Plaintiff's artfully plead claims for breach of a CBA. Plaintiff's claims cannot be adjudicated without interpretation of the

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

7.    DEFENDANT'S NOTICE OF REMOVAL OF ACTION

1  numerous CBA provisions that governed Plaintiff's employment. Plaintiff's Class Action claims allege the following: (1) Failure to Pay Minimum Wages; (2) Failure to Pay Overtime Compensation; (3) Failure to Provide Meal Periods; (4) Failure to Authorize and Permit Rest Breaks; (5) Failure to Indemnify Necessary Business Expenses; (6) Failure to Provide Accurate Itemized Wage Statements; (7) Failure to Pay All Wages to Piece-Rate Workers; (8) Failure to Timely Pay Final Wages at Termination; and (9) Unfair Business Practices.  (Piechocki Decl., Ex. A, *see generally* Complaint.)

26. The applicable 2017 and 2020 CBAs contain specific language governing time worked, wages and wage payment, overtime, meal and rest periods. (Carlier Decl., Ex. A, 2017 CBA, Secs. 1, 2; Ex. B, 2020 CBA, Secs. 1, 2). The CBAs also provide for a grievance process and requires binding arbitration to resolve any disputes arising under the CBA. (Carlier Decl., Ex. A, 2017 CBA, Sec. 11; Ex. B, 2020 CBA, Sec. 11) Resolving Plaintiff's claim will require the Court to interpret each of these provisions in the applicable 2017 and 2020 CBAs.

27. In addition, whether SFBP allegedly failed to, for example, provide Plaintiff and the putative class members with the required minimum and overtime wages requires the Court to analyze and interpret not only the 2017 and 2020 CBAs, but also the past practices between the SFBP and the Union. The parties' past practices are deemed to be part of the 2017 and 2020 CBAs. *Consolidated Rail Corp. v. Ry. Labor Execs. Ass'n*, 491 U.S. 299, 307 (1989) ("[C]ollective bargaining agreements may include implied, as well as express, terms. Furthermore, it is well established that the parties' practice, usage and custom is of significance in interpreting their agreement."). Specifically, the Court must interpret the parties' practices regarding the extent to which they agree that Plaintiff may take meal period breaks in accordance with its terms.

28. Critically, as all of Plaintiff's claims are, in essence, alleged violations of the 2017 and 2020 CBAs, the Court will necessarily have to interpret its grievance and arbitration provisions. (*See* Carlier Decl., Ex. A, 2017 CBA, Sec. 11; Ex. B, 2020 CBA, Sec. 11). Specifically, the Court must determine whether Plaintiff was first required to exhaust the grievance procedures, whether he did in fact exhaust those procedures, and whether he agreed to arbitrate all or some of his claims. Each of these questions is reserved for federal courts pursuant to the LMRA; indeed, Section 301

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

8.   DEFENDANT'S NOTICE OF REMOVAL OF ACTION

preemption aims to promote extra-judicial dispute resolution pursuant to the parties' agreed form of dispute resolution. *Curtis*, 913 F.3d at 1152 (observing "the labor arbitrator is usually the appropriate adjudicator for CBA disputes" and that "grievance and arbitration procedures provide certain procedural benefits, including a more prompt and orderly settlement of CBA disputes than that offered by the ordinary judicial process.") (internal citation omitted).

29. Here, the applicable grievance and arbitration procedure set forth in the 2017 and 2020 CBAs cover "disputes regarding the interpretation or application of this Agreement and violations of the Agreement." (*See* Carlier Decl., Ex. A, 2017 CBA, Sec. 11(B)(1); Ex. B, 2020 CBA, Sec. 11(B)(1)). Accordingly, an alleged violation of the 2017 and 2020 CBAs is subject to their respective grievance and arbitration procedures, which serves the underlying purposes of the LMRA. Thus, no part of Plaintiff's claim may be resolved without interpreting provisions of the 2017 and 2020 CBAs.

30. Plaintiff's claims are substantially dependent upon the interpretation of the 2017 and 2020 CBAs' terms and provisions. In fact, the CBAs' terms and provisions govern much of the conduct that forms the basis for Plaintiff's Complaint and are thus essential to the resolution of Plaintiff's claims. The underlying Labor Code violations arise under § 301 of the LMRA and warrant removal to federal court.

E. **Plaintiff's First and Second Causes of Action (Minimum Wages and Overtime Wages) Are Covered by Section 301 of the LMRA**

31. Plaintiff's claims based on SFBP's alleged failure to provide minimum and overtime wages under Cal. Labor Code §§ 510, 1194, 1194.2, 1197, and 1198 226.7 are preempted by Section 301 of the LMRA because the CBAs "expressly provide for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." Labor Code Section 514.

32. Here, the 2017 and 2020 CBAs provide for a range of wages, hours, and working conditions. Both CBAs provide hourly rates well in excess of 30 percent above the then-current California minimum wage. (Carlier Decl., Ex. A, 2017 CBA, Sec. 1(A); Ex. B, 2020 CBA, Sec.

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

9.   DEFENDANT'S NOTICE OF REMOVAL OF ACTION

1(A)).

33. The CBAs also provide premium wage rates for all overtime hours worked. (Carlier Decl., Ex. A, 2017 CBA, Sec. 1(B); Ex. B, 2020 CBA, Sec. 1(B)).

34. Accordingly, the Section 514 overtime exemption, which has been construed and applied capaciously by state and federal courts, clearly applies here. See *Vranish v. Exxon Mobil Corp.*, 223 Cal. App. 4th 103, 109 (2014) (where Section 514's requirements are met, an employer is only required to pay for overtime as defined by the collective bargaining agreement and Section 510 simply does not apply); *Curtis*, 913 F.3d at 1154-55 ("While section 510 establishes a default definition of overtime applicable to non-unionized employees, unionized employees 'have sought and received alternative wage protections through the collective bargaining process'") (*citing Vranish*; quoting *Firestone v. S. Cal. Gas Co.*, 219 F.3d 1063, 1067 (9th Cir. 2000)).

35. Where, as here, the Section 514 exemption applies to a union-represented plaintiff, the "right to overtime 'exists solely as a result of the CBA,' and therefore is preempted under § 301." *Curtis*, 913 F.3d at 1154; *accord, e.g., Giles*, supra, 2022 WL 3370793, *4; *Braswell v. AHMC San Gabriel Valley Med. Ctr. LP*, 2022 U.S. Dist. LEXIS 42113, *11 (C.D. Cal. Mar. 8, 2022) ("Because the Defendants' CBAs with the Aggrieved Employees satisfy the requirements of section 514, the right to overtime pay exists solely as a result of the CBA"); *Hall v. Live Nation Worldwide, Inc.*, 146 F. Supp. 3d 1187, 1203-04 (C.D. Cal. 2015) (same).

F. **Plaintiff's Fifth Cause of Action for Reimbursement of Business Expenses Is Covered by Section 301 of the LMRA**

36. In support of his Fifth Cause of Action under Labor Code Section 2802, Plaintiff generally and vaguely alleges that "Plaintiff and Class Members incurred necessary business-related costs that were not fully reimbursed" and that SFBP "failed to reimburse or indemnify Plaintiff and Class Members for their expenses due." (Compl., ¶¶ 78-79). The body of the Fifth Cause of Action adds no supporting detail. (*See id.* ¶¶ 73-79.)

37. Accordingly, assuming that Plaintiff is eventually able to state a claim for expense reimbursement, Section 301 applies because the CBAs must be interpreted to resolve the claim. *See Rodriguez v. Gonsalves & Santucci, Inc.*, 2022 WL 161892 at *9 (N.D. Cal. Jan. 18, 2022)

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

10.     DEFENDANT'S NOTICE OF REMOVAL OF ACTION

(Section 2802 claim preempted because the resolution thereof "turns on the analysis of the CBA and interpretation of its terms"). In the alternative, as illustrated by the absence of any specific or independent allegations regarding unreimbursed expenses, this Court has supplemental jurisdiction over Plaintiff's Fifth Cause of Action.

### G.  Plaintiff's Derivative Wage Statement Penalty, Waiting Time Penalty, and UCL Claims (Sixth, Eighth, and Ninth Causes of Action) Are Covered by Section 301 of the LMRA

38. Plaintiff's Sixth Cause of Action (wage statement penalties under Labor Code Section 226), Eighth Cause of Action (waiting time penalties under Labor Code Sections 201-203), and Ninth Cause of Action (restitution under UCL) are all, in whole or in part, derivative of Plaintiff's claims that are preempted under Section 301 for the reasons described above. (Compl., ¶¶ 61, 68, 76 [all three derivative claims are based, without differentiation, on all allegations in Paragraphs 1-20 of the Complaint].)

39. All three derivative claims are preempted under Section 301 for this reason. *Giles*, *supra*, 2022 WL 3370793, *6-7; *Rodriguez*, *supra*, 2022 WL 161892, *6; *Mellon*, *supra*, 2022 WL 4021692, *5; *Jimenez v. Young's Mkt. Co.*, 2021 WL 5999082, *13 (N.D. Cal. Dec. 20, 2021); *Vasquez v. Packaging Corp. of Am.*, 2019 WL 4543106, *4 (C.D. Cal. Jun. 7, 2019).

## III.  SUPPLEMENTAL JURISDICTION

40. To the extent there are underlying alleged Labor Code violations that do not arise under Section 301 of the LMRA, the class action claims based on those violations remains within the supplemental jurisdiction of the Court under 28 U.S.C. § 1367(a) in that they are so related to the federal cause of action that they form part of the same case or controversy under Article III of the United States Constitution. *See Buck v. Cemex, Inc.*, 2013 U.S. Dist. LEXIS 124111, at *17 (plaintiff's additional claims of failure to provide accurate wage statements, failure to timely pay all final wages and unfair competition came within the supplemental jurisdiction of the Court even if only tangentially involved with the CBA); *see also Coria v. Recology, Inc.*, 63 F. Supp. 3d 1093, 1100 (N.D. Cal. 2014) (recognizing that plaintiff's additional state law claims under California statutory and common law, including various provisions of the Labor Code and IWC Orders, all "derive from a common nucleus of operative fact" as plaintiff's meal period and overtime claims

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

11.  DEFENDANT'S NOTICE OF REMOVAL OF ACTION

and "are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding."). Thus, this action is removable in its entirety.

## IV. INTRADISTRICT ASSIGNMENT

41. Venue lies in the Northern District of California pursuant to 28 U.S.C. §§ 84(a), 1441(a), and 1446(a). Plaintiff originally brought this action in the Superior Court of the State of California for the County of San Francisco.

42. All civil actions that arise in the County of San Francisco shall be assigned to the San Francisco Division or the Oakland Division. Northern District Local Rule 3-2(c)(d), 3-5(b). Thus, assignment to the San Francisco or Oakland Division is proper.

## V. TIMELINESS OF REMOVAL

43. Defendant was served via substitute service by signing and mailing a notice of acknowledgement of receipt of the Complaint, Summons, and Civil Case Cover Sheet. (*See* Piechocki Decl., ¶¶ 2-3, Exhibit A and B.) This Notice of Removal has been filed within thirty (30) days of service on Defendant of the Summons and Complaint and within one year of the filing of the Complaint. 28 U.S.C. § 1446(b); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) ("[A] named defendant's time to remove is triggered by the simultaneous service of the summons and complaint, or receipt of the complaint 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.") Therefore, the Notice is timely filed.

44. Pursuant to Federal Rules of Civil Procedure, Rule 6(a)(1)(C), when the last day of the period is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. *See* Fed. R. Civ. P. 6(a)(1)(A)(5) (requiring deadlines "count every day, including intermediate Saturdays, Sundays, and legal holidays . . . but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"). Further, pursuant to "next day" is "determined by continuing to count forward when the period is measured after an event and backward when measured before an event." *See Id.* Thus, this Notice of Removal is timely-filed. *See Fleming v. United Teacher Assocs. Ins. Co.*, 250 F. Supp. 2d 658, 660-661 (D.W. Va. 2003)

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

12.   DEFENDANT'S NOTICE OF REMOVAL OF ACTION

(removal filed on 31 days timely when final day was a holiday); *Johnson v. Harper*, 66 F.R.D. 103, 105 (E.D. Tenn. 1975) (same); *see also Agavni Pogosyan v. U.S. Bank Trust Nat'l Assoc'n, et al.*, Case No.: CV 15-07085-AB, 2015 WL 12696188, at *2 (C.D. Cal. Oct. 22, 2015) (same); *Williams v. Leonard*, No. C02–05084 CRB, 2003 WL 163183, at *1 (N.D. Cal. Jan. 13, 2003) (same).

## VI.   NOTICE TO PLAINTIFF AND THE STATE COURT

45.   Contemporaneously with the filing of this Notice in this Court, written notice of such filing will be provided to Plaintiff's counsel of record Samuel A. Wong, Esq., Kashif Haque, Esq., Jessica K. Campbell, Esq., Robert Costa, Esq., Aegis Law Firm, PC, 9811 Irvine Center Drive, Suite 100, Irvine, California 92618.

46.   A copy of the Notice of Removal will also be filed with the Clerk of the Superior Court of the County of San Francisco.

## VII.   CONCLUSION

47.   For all of the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1441(a) and removal is therefore proper under 28 U.S.C. §§ 1441 and 1446.

Dated: December 28, 2022

LITTLER MENDELSON, P.C.

*/s/ Gregory G. Iskander*
Gregory G. Iskander
Cristina L. Piechocki

Attorneys for Defendant
THE SAN FRANCISCO BAR PILOTS
BENEVOLENT AND PROTECTIVE
ASSOCIATION

4887-0884-1796.5 / 999999-1076

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

13.   DEFENDANT'S NOTICE OF REMOVAL OF ACTION